562 So.2d 827 (1990)
James HARRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01135.
District Court of Appeal of Florida, Second District.
June 6, 1990.
PER CURIAM.
James Harrison appeals the summary denial of his motion for postconviction relief. We reverse.
A claim of ineffective assistance of counsel is based upon an alleged failure to seek suppression of Harrison's confession to numerous armed robberies. Harrison claims he confessed while so thoroughly under the influence of crack cocaine that he was unable to understand the constitutional rights he was waiving. As a general rule, intoxicants or narcotic drugs affect the credibility rather than the admissibility of a confession. However, in some circumstances their influence may be so severe as to render the confession involuntary. Reddish v. State, 167 So.2d 858 (Fla. 1964). If *828 counsel knew a valid basis existed to suppress a confession, and failed to act accordingly, this could constitute ineffective assistance. See, e.g., Cintron v. State, 495 So.2d 248 (Fla. 2d DCA 1986). The standard established by Reddish, when conjoined with the Strickland test for effectiveness of trial counsel,[1] imposes a rather heavy burden upon Harrison, but there is nothing in the record presently before us to rebut his allegations.
Harrison, who ended up accepting a plea bargain, also claims that he was under the influence of psychoactive medication at the time the plea was entered and so was unable to appreciate the consequences of his actions. If true this might permit him to withdraw the plea if he so desired. Campbell v. State, 488 So.2d 592 (Fla. 2d DCA 1986). The record does not contain the plea colloquy, nor does it otherwise rebut this claim.
Finally, Harrison claims that he was unaware that his plea for concurrent sentences would permit the "stacking" of minimum mandatory terms for use of a firearm.[2] Although he describes the sentence as "illegal," he does not provide a factual basis demonstrating a violation of Palmer v. State, 438 So.2d 1 (Fla. 1983). However, a court is required to advise a defendant of any minimum penalties involved in the offense(s) to which he is pleading, and a failure to do so may render the plea involuntary. Perez v. State, 449 So.2d 407 (Fla. 2d DCA 1984). The court is also obliged to honor plea bargains calling for a specific sentence arrangement, or, if it cannot, to afford the accused the chance to withdraw his plea. Devard v. State, 504 So.2d 28 (Fla. 2d DCA 1987). Without the plea colloquy or other evidence demonstrating the nature of Harrison's plea agreement, we cannot say that this particular claim has been conclusively refuted.[3]
Reversed and remanded for further proceedings in accordance with Florida Rule of Criminal Procedure 3.850.
SCHOONOVER, A.C.J., and PARKER and PATTERSON, JJ., concur.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[2] § 775.087(2)(a), Fla. Stat. (1989).
[3] It could be argued that this claim is somewhat inconsistent with the one that precedes it, wherein Harrison maintains he was too drugged to appreciate any aspect of the plea whatsoever and did not even realize he had received a prison sentence until the drug had worn off.