627 So.2d 569 (1993)
Steven B. HAMLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03605.
District Court of Appeal of Florida, Second District.
December 1, 1993.
*570 PARKER, Acting Chief Judge.
Steven B. Hamlin appeals to this court for a second time a summary denial of his postconviction relief motion. We again remand this case to the trial court.
We remanded this case in the first appeal because the trial court made specific references to the transcript of the plea colloquy but failed to attach the relevant pages of that transcript for this court to review. Hamlin v. State, 622 So.2d 1176 (Fla. 2d DCA 1993). The trial court upon remand attached the transcript of the plea and again denied Hamlin's motion.
Although Hamlin raises four grounds for collateral relief in his motion, we conclude that only his first issue has merit. Hamlin alleges ineffective assistance of counsel in that his attorney instructed him to enter an open plea to his charges "so as not to agravate [sic] the court" and "[t]o avoid being habitualized." Hamlin alleges that he followed his attorney's advice to avoid a habitualized sentence but that the trial judge subsequently sentenced him as a habitual offender. We have reviewed a transcript of Hamlin's change of plea and find that he did in fact enter an open plea and that the trial judge explained to Hamlin that the judge was not bound to any sentencing arrangement. However, the judge in this plea colloquy, unlike a standard plea colloquy, failed to inquire if any promises had been made to Hamlin.
This court has stated:
[A] trial court is always well-advised, when accepting a plea, to ascertain whether any promises were made to the defendant apart from those discussed during the plea colloquy. At this juncture it is incumbent upon the defendant to reveal any additional expectations he may have; generally, he will be estopped from later arguing a position contrary to statements made in open court or in writing.
Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992) (emphasis in original). Moreover, the supreme court concluded that the court must confirm from the defendant that the defendant personally is aware of the possibility of habitualization and its reasonable consequences before the trial court can accept a guilty or no contest plea from a defendant eligible for habitual offender treatment. Ashley v. State, 614 So.2d 486 (Fla. 1993). The supreme court explained the procedure with which a trial judge must comply as follows:
The defendant should be told of his or her eligibility for habitualization, the maximum habitual offender term for the charged offense, the fact that habitualization may affect the possibility of early release through certain programs, and, where habitual violent felony offender provisions are implicated, the mandatory minimum term. As noted in the rule, "[c]ounsel for the prosecution and the defense shall assist the trial judge in this function." Fla. R.Crim.P. 3.172(a).
Ashley, 614 So.2d at 490 n. 8. The supreme court further held:
Although Ashley was given written notice of intent to habitualize prior to sentencing and raised no objection at the sentencing hearing, the discussion there was almost exclusively between the lawyers and judge. Under no circumstances can this later discourse serve as a substitute for the preplea *571 personal interview required under rule 3.172.
Ashley, 614 So.2d at 491 n. 9.
Based upon the holdings in Simmons and Ashley, we again reverse and remand this case to the trial court to rule upon Hamlin's claim of ineffective assistance of counsel.
PATTERSON and ALTENBERND, JJ., concur.