PARKER, Acting Chief Judge.
Ronald Boyd Neeb appeals the denial of his motion for postconviction relief. The trial court denied Neeb’s motion without a hearing, concluding that no hearing was necessary because the court’s records and files conclusively demonstrated that postconviction relief was not warranted. We have reviewed copies of the information, transcripts of the hearings of the change of plea and sentencing, and the sentencing documents. Although Neeb raises five issues in his motion to the trial court, we conclude that two have merit.
The crime charged was sexual battery upon a four-year-old child. Neeb, who was seventeen years of age at the time of the plea, entered a plea of no contest. Neeb received a sentence of eight years in prison to be followed by two years of community control to be followed by life probation. Concerning the first issue which we address, Neeb alleges that his attorney advised him that he would receive a sentence of two years of community control if he entered a plea. Neeb further alleges that he would have gone to trial if he had known that his sentence would be more than two years of community control.
We are compelled to reverse the trial court on this issue and remand this case for a hearing because of this court’s recent case of Hamlin v. State, 627 So.2d 569 (Fla. 2d DCA 1993). In Hamlin, the defendant alleged that his attorney had instructed him to enter an open plea so as not to aggravate the court and that he followed that advice to avoid being sentenced as a habitual felony offender. The defendant alleged that he thereafter entered the plea and received a habitual felony offender sentence. This court stated:
We have reviewed a transcript of Hamlin’s change of plea and find that he did in fact enter an open plea and that the trial judge explained to Hamlin that the judge was not bound to any sentencing arrangement. However, the judge in this plea colloquy, unlike the standard plea colloquy, failed to inquire if any promises had been made to Hamlin.
This court has stated:
[A] trial court is always well-advised, when accepting a plea, to ascertain whether any promises were made to the defendant apart from those discussed during the plea colloquy. At this juncture it is incumbent upon the defendant to reveal any additional expectations he may have; generally, he will be estopped from later arguing a position contrary to statements made in open court or in writing. •
Hamlin, 627 So.2d at 570 (quoting Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992)) (emphasis in original).
In the instant case, Neeb has alleged that he did not receive the sentence that his attorney promised him, and our review of the transcript does not reflect that the trial judge ever asked Neeb if anyone had promised him anything to induce him to enter this plea.[1] Based upon the holdings in Hamlin *42 and Simmons, we are compelled to reverse this case and remand it to the trial court to conduct a hearing and rule upon Neeb’s claim of ineffective assistance of counsel as to any promises to Neeb that his plea would result in a certain sentence.
Addressing the second issue which has merit, Neeb argues that his sentence for the life felony offense was illegal. The sentence imposed was eight years in prison, followed by two years’ community control, followed by life probation. Because the trial court imposed a split sentence including a term of years in prison followed by community control and probation, the total of those sentences cannot exceed forty years. See Stephens v. State, 627 So.2d 543 (Fla. 2d DCA 1993); Wilson v. State, 622 So.2d 529 (Fla. 2d DCA 1993). Thus, if Neeb does not prevail on his claim of ineffective assistance of counsel, then the trial court must resen-tence Neeb consistent with this opinion.
Reversed and remanded.
PATTERSON and ALTENBERND, JJ., concur.

. The plea colloquy with this defendant, consisting of twenty pages, otherwise was very thorough. The trial judge explained the high and low of the sentencing guidelines' ranges, explained the meaning of an open plea, explained the possibility of treatment of a juvenile or youthful offender, discussed whether anyone had threatened the defendant in any way, and whether the judge had made any promises to the defendant. The trial judge several times permitted the defendant to ask questions, granted the defendant a recess to discuss further the plea with his *42 attorney, and spoke to and permitted the defendant's mother to speak at this hearing.