711 So.2d 1323 (1998)
Jason COX, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3473.
District Court of Appeal of Florida, Fifth District.
June 5, 1998.
*1324 James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Jason Cox appeals his convictions and sentences for first-degree murder, aggravated battery, and shooting into an occupied vehicle. Cox raises five issues on appeal: (1) the admission of his confession before the state established the corpus delicti of premeditated murder; (2) the denial of his motions for judgment of acquittal; (3) the denial of his motion for mistrial; (4) the denial of his motion to suppress; and (5) the imposition of consecutive minimum mandatory sentences. We affirm his convictions and his sentences.
First, Cox argues that his confession should not have been admitted absent evidence of premeditation. The Florida Supreme Court recently held that the corpus delicti of homicide, regardless of degree, requires only proof of the fact of death, the criminal agency of another, and the identity of the deceased. Thomas v. State, 693 So.2d 951 (Fla.), cert. denied, ___ U.S. ___, 118 *1325 S.Ct. 449, 139 L.Ed.2d 385 (1997). Citing Meyers v. State, 704 So.2d 1368 (Fla.1997), the court stated:
To admit a defendant's confession, the state must prove the corpus delicti either by direct or circumstantial evidence. It is enough if the evidence tends to show that the crime was committed; proof beyond a reasonable doubt is not mandatory. To support a conviction, however, the corpus delicti must be established beyond a reasonable doubt.
693 So.2d at 952.
In the instant case, the state presented eyewitness testimony that Cox was involved in an altercation with David Pritchett, the victim, at JJ Whispers nightclub. Cox got into a car and followed Pritchett from the nightclub to Pritchett's friend's home. After Pritchett left his friend's home, the car in which Cox was a passenger pulled along the passenger side of the car in which Pritchett was a passenger. Cox was lying down in the car and rose up to shoot at Pritchett several times. Pritchett was killed and the driver was shot in the arm. In this case, the state presented sufficient evidence to show the crime was committed. See Burks v. State, 613 So.2d 441 (Fla.1993).
Second, the motions for judgment of acquittal were correctly denied, as was the motion for mistrial. When a defendant moves for a judgment of acquittal, he admits, for the purpose of the motion, every conclusion favorable to the state that a jury might reasonably infer from the evidence. Lynch v. State, 293 So.2d 44 (Fla.1974). In this case, there was sufficient evidence presented to show that Cox committed the three crimes with which he was charged.
Third, Cox argues that his confession should have been suppressed because he was under the influence of alcohol and narcotics at the time, which rendered the confession involuntary. Generally, such intoxicants affect the credibility of the confession, not its voluntariness. Harrison v. State, 562 So.2d 827 (Fla. 2d DCA 1990). When voluntariness is in question, the inquiry is "whether the defendant is aware and able to comprehend in a general way what he is doing and to communicate with coherence and rationality." Burns v. State, 584 So.2d 1073, 1075 (Fla. 4th DCA 1991). The defendant's intoxication is, however, only one factor in the totality of circumstances for the court to consider in determining whether the confession was voluntary. Id. at 1076. In Cox's case, the court listened to the recorded confession and found that Cox understood the questions posed, answered them coherently, and was able to recall names, addresses, and phone numbers. The court also found that, since the confession was given 30 hours after his arrest, in the totality of circumstances, Cox had "time enough ... to see the unfortunate reality of his situation about to hit him." There is no basis appearing in the record on which to disturb the trial court's findings.
Finally, Cox raises an alleged sentencing error to which he did not object at the time of sentencing or in a motion under rule 3.800. Therefore, the error was not properly preserved for review, and this court recently held there is no fundamental error in sentencing. Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). The Fourth District certified conflict with Maddox on this issue in Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998); c.f., Mason v. State, 710 So.2d 82 (Fla. 1st DCA 1998).
AFFIRMED.
COBB and W. SHARP, JJ., concur.