THOMPSON, J.
D.S., a child, appeals his adjudication of delinquency and disposition for improper exhibition of a deadly weapon.[1] He contends that his adjudication was not supported by the evidence and the trial court should have granted his motion for judgment of acquittal. Further, he argues that the court erred in placing him on community control until his 19th birthday instead of for a maximum of one year. We affirm the adjudication of delinquency, but reverse the disposition.
During his adjudicatory hearing, witnesses testified that they saw D.S. and two other children discharging BB or pellet guns at the mobile home of the victim. Two adults, the victim, and a neighbor saw D.S. shoot his gun at the victim’s home. The victim, in addition to testifying and identifying D.S. as one of the children shooting the guns, showed a videotape he made during the shooting.[2] The videotape showed the children with guns in their hands, although the actual shooting at his mobile home was not on the videotape.
A deputy was called to the mobile home park to investigate the shooting of a cat, the damage to a rear window of a car caused by a BB or pellet, and the shooting of the victim’s mobile home. The deputy testified that when she arrived to investigate the shootings, she watched the videotape and she observed pellet holes on the northwest and north sides of the victim’s mobile home. She questioned D.S. after reading him his Miranda rights.[3] He admitted he had been shooting a gun and went to his mobile home to get it for her. He gave her his gun stating that they had been shooting at trees and into the air, but not at people or property. He also said that he intentionally shot a cat because he despised them. Further, he said he did not like the victim and wanted to punch him in the lip.
When D.S. moved for a judgment of acquittal, he admitted, for the purposes of the motion, every conclusion favorable to the state that the fact-finder might reasonably infer from the evidence. Lynch v. State, 293 So.2d 44 (Fla.1974); Cox v. State, 711 So.2d 1323 (Fla. 5th DCA 1998); Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985). Therefore, the question is whether there was sufficient evidence presented to the trial court to support its decision. In this case, the evidence, which included the eyewitnesses and the videotape, was overwhelming that D.S. shot the gun over and at the victim’s mobile home and into trees which hang over the roads and the homes in the mobile home park. Therefore, the trial court properly denied the motion.
*400 The trial court did err, however, in placing D.S. on community control with special conditions “until the child’s 19th birthday, unless sooner released by the court.” At the time of the disposition hearing, D.S. was 14.[4] Improper exhibition of a firearm is a first-degree misdemeanor. See § 790.10, Fla. Stat. (1997). The maximum sentence for an adult who commits this crime is one year in the county jail or one year on probation. See § 775.082(4)(a), Fla. Stat. (1997). Section 985.231(1)(a)l.a., Florida Statutes, states that a child may be placed in a program of community service as long as the duration of the program does “not exceed the term for which sentence could be imposed if the child were committed for the offense.” Section 985.231(d) states that any commitment of a delinquent child may “not exceed the maximum term of imprisonment that an adult may serve for the same offense.” Thus, D.S. can only be committed or placed on community control for one year. See also J.W. v. State, 709 So.2d 199 (Fla. 5th DCA 1998); V.W. v. State, 693 So.2d 722 (Fla. 5th DCA 1997); G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997).
Accordingly, we affirm the adjudication of delinquency and remand to the trial court to specify that the term of community control is for a maximum of one year.
ADJUDICATION AFFIRMED; DISPOSITION VACATED and REMANDED.
HARRIS and PETERSON, JJ., concur.

. § 790.10, Fla. Stat. (1997).

. The victim had frequent conflict with D.S. and his family and had been advised by law enforcement officers to videotape incidents when they occurred. D.S. and his family lived directly behind the victim.

.Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)

. D.S.’ birthday was the next day.