VAN NORTWICK, J.
Jose Luis Shield appeals the trial court’s order denying his motion to withdraw his plea and motion for psychiatric evaluation. For the following reasons, we reverse.
Appellant entered a no contest plea to the charge of conspiracy to traffic in cocaine. His plea agreement contains a handwritten notation that appellant had been “Baker-Acted several times.” See section 394.467, Florida Statutes (1997)(providing for involuntary placement of mentally ill persons). At thé plea hearing, appellant was asked if he was on any type of medication, and he responded that he was. He was asked if the medication affected his ability to understand the pro *565 ceeding, and he responded: “It takes me a while to understand things, but I do.” Appellant stated that he understood what was happening in the proceeding.
Before sentencing, appellant filed a motion to withdraw his plea, alleging, among other things, that “he entered his plea while he was indeed suffering from mental defect or illness and was incapable of advising the court or counsel of his plight.” Thus, appellant argued “he could not have knowingly, voluntarily, and intelligently entered the plea therefore making it a nullity.” At the same time, he filed a motion for psychiatric evaluation seeking appointment of a group of psychiatrists to evaluate him.
At the subsequent sentencing hearing, counsel for appellant began his argument by referring the trial court to appellant’s prior history of mental illness and representing that, based on counsel’s conversations with the appellant, he had moved for a psychiatric evaluation of appellant and for withdrawal of appellant’s prior plea. At that point, the state objected, describing the motion as a “pure sham.” Without allowing counsel for appellant to argue further, the trial court denied the motion to withdraw the plea and thereafter, denied the motion for psychiatric evaluation. The court then sentenced appellant to 120 months in state prison and a $100,000 fine.
A defendant’s withdrawal of a guilty plea is governed by rule 3.170(f), Florida Rules of Criminal Procedure. As this court explained in Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983):
Rule 3.170(f), Florida Rules of Criminal Procedure, provides that “the court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn” (emphasis supplied). The burden is upon a defendant to establish good cause under the rule, and use of the word “shall” indicates that such a showing entitles the defendant to withdraw a plea as a matter of right. Use of the word “may,” however, suggests that the rule also allows, in the discretion of the court, withdrawal of the plea in the interest of justice, upon a lesser showing than good cause. In any event, this rule should be liberally construed in favor of the defendant. The law inclines toward a trial on the merits; and where it appears that the interests of justice would be served, the defendant should be permitted to withdraw his plea. A defendant should be permitted to withdraw a plea “if he files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights ” (emphasis supplied; citations omitted).
In the instant case, appellant’s motion alleges sufficient facts which, if proven, would establish good cause for a withdrawal of his plea. It is undisputed from the record that he was suffering from some type of mental disability at the time he entered his plea, although the exact nature of appellant’s mental illness is not reflected in the record because no psychiatric evaluation is included. The record reflects that appellant had been involuntarily placed under the Baker Act several times before his plea and once after his plea. Further, in the plea colloquy, appellant admitted that he was under the influence of medication which did affect his ability to understand. Finally, he requested examination by psychiatrists in order to provide proof of his allegations.
Under the circumstances, we agree with appellant that it was error for the trial court to summarily deny appellant’s motion and deny the request for psychiatric examination. Given the circumstances of this case, it was a matter of fundamental due process that appellant be able to be fully heard on his motion before a decision was made on the merits. See Gunn v. State, 643 So.2d 677, 679 (Fla. 4th DCA 1994). The cause is remanded for an evi-dentiary hearing. Thomason v. State, 732 So.2d 1122 (Fla. 4th DCA 1999); Setzer v. *566 State, 575 So.2d 747 (Fla. 5th DCA 1991); Yesnes v. State, 440 So.2d at 634.
REVERSED and REMANDED for farther proceedings consistent with this opinion.
WEBSTER AND DAVIS, JJ., CONCUR.