885 So.2d 932 (2004)
Thomas Ray RANDALL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2326.
District Court of Appeal of Florida, Fifth District.
October 22, 2004.
Thomas Ray Randall, Sneads, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips and Elizabeth C. King, Assistant Attorneys General, Daytona Beach, for Appellee.
MONACO, J.
Thomas Ray Randall appeals the summary denial by the trial court of his Rule 3.850 motion for post-conviction relief. In accordance with a plea bargain Mr. Randall pled no contest to two counts of aggravated assault with a deadly weapon, and was sentenced to concurrent five year prison terms. Although Mr. Randall raises five grounds alleging ineffective assistance of counsel in support of his appeal, only one has merit and requires further consideration.
Mr. Randall asserts that counsel allowed him to enter the pleas while he was under the influence of medication. The record reflects that there was some question about the mental status of the defendant, *933 but that two mental health professionals had opined, and the trial court ruled, that he was sane at the time of the offenses, and competent to stand trial. He was, however, taking prescribed psychotropic medications for his mental disorders at the time of the entry of his plea. He alleges that he told his attorney prior to the plea hearing that he did not understand what was going on, and that he just wanted to go to sleep. He says further that the medications interfered with his ability to understand the nature and consequences of the plea, and that his attorney was aware of the confusion under which he was laboring. Finally, he says that his attorney told him just to agree with the judge during the plea colloquy.
In the course of the plea colloquy, Mr. Randall was never asked whether he was under the influence of any medications, despite his history of mental illness and psychiatric hospitalizations, and even though the mental health reports ordered by the trial court reflected that he was taking these medications. The colloquy itself reflects that Mr. Randall answered only yes or no to questions put to him by the trial judge, and did not otherwise engage in conversation with the court. We conclude that Mr. Randall states a facially sufficient claim.
In Doward v. State, 802 So.2d 518 (Fla. 5th DCA 2001), we held in somewhat similar circumstances that an evidentiary hearing was required because the defendant's mental status at the time of the plea hearing was not conclusively refuted by the record. See also Rivera v. State, 746 So.2d 542 (Fla. 2d DCA 1999). The record in the present case likewise does not conclusively refute his claim. There was no inquiry during the plea hearing regarding Mr. Randall's use of medications and the effect of them on his cognitive functions, and we cannot say from a review of the transcript of the hearing that his responses indicate that he was thinking clearly. Thus, Mr. Randall is entitled to an evidentiary hearing on this claim.
We have considered the other claims raised by Mr. Randall, and have determined that they are without merit. As to all other claims, therefore, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, W., and ORFINGER, JJ., concur.