938 So.2d 644 (2006)
KATHY STOKES, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 2D05-4619.
District Court of Appeal of Florida, Second District.
Opinion filed October 11, 2006.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Kathy Stokes appeals her judgment and sentence, arguing that the trial court erred in denying her motion to withdraw her no contest plea, which was filed pursuant to Florida Rule of Criminal Procedure 3.170(l). Because she established a manifest injustice, the trial court abused its discretion by denying the motion. Accordingly, we reverse and remand for further proceedings.
From the outset of the case, the State, the defense counsel, and the trial judge were aware of the fact that Ms. Stokes had serious mental and emotional problems. A mental health expert was appointed to evaluate Ms. Stokes and found her competent to stand trial.[1] At the change of plea hearing, defense counsel advised the trial judge that the evaluating psychologist would be present for the sentencing hearing. The plea hearing proceeded, and significantly, the trial judge asked no questions regarding Ms. Stokes' mental status in order to determine that she was voluntarily entering the plea. Whether Ms. Stokes was on any medication that affected her competency to enter a plea was not addressed at the plea hearing or on the written plea form.[2] In fact, the transcript does not affirmatively show that Ms. Stokes had any idea what she was doing when entering the plea.
Under the circumstances of this case, it was incumbent upon the trial judge to develop sufficient record information supporting Ms. Stokes' competency to enter the no contest plea. Even in cases without mental health issues, rote recitation of the bare minimum required by Florida Rule of Criminal Procedure 3.172(c) and perfunctory responses are generally inadequate to support a finding that a plea is voluntarily entered. "Because a guilty, or no contest, plea has serious consequences for the accused, the taking of a plea `demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence.'" Koenig v. State, 597 So. 2d 256, 258 (Fla. 1992) (quoting Boykin v. Alabama, 395 U.S. 238, 243-44 (1969)). Whether Ms. Stokes was on medication that affected her competency to enter the no contest plea was not addressed at the plea hearing. Thus, there was no record evidence to refute Ms. Stokes' later claim that she was not competent to enter the plea because she was affected adversely by medication.[3]
Rule 3.170(l) provides for the withdrawal of a plea after sentencing on certain limited grounds, including involuntariness of the plea. A defendant has the burden to demonstrate that a manifest injustice requiring correction compels the withdrawal of the plea. See Lopez v. State, 536 So. 2d 226, 229 (Fla. 1998). The record shows that Ms. Stokes met that burden.
"Due process requires a court accepting a guilty plea to carefully inquire into the defendant's understanding of the plea, so that the record contains an affirmative showing that the plea was intelligent and voluntary." Koenig, 597 So. 2d at 258. The record here contains no careful inquiry; the plea colloquy was perfunctory at best and completely failed to protect Ms. Stokes' due process rights. Such a failure equates to a manifest injustice. Because the trial court abused its discretion by denying the motion to withdraw the plea, we reverse and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.
NOTES
[1] The earlier finding of competency does not release the trial judge from making a full inquiry at the time of the change of plea. See, e.g., Randall v. State, 885 So. 2d 932, 933 (Fla. 5th DCA 2004) (finding a defendant's claim in a rule 3.850 motion that he was never asked whether he was under the influence of any medications, despite his history of mental illness and psychiatric hospitalizations, was facially sufficient despite finding of competency to stand trial); Doward v. State, 802 So. 2d 518, 519 (Fla. 5th DCA 2001) (finding that, in denying a rule 3.850 motion, a trial judge could not rely on a psychiatrist's report prepared three months prior to the plea hearing concerning competency to stand trial because the report did not address the defendant's mental status at the time he entered his plea. Additionally, the court was still obligated to question the defendant about "his medications and his ability to understand the consequences of entering a plea.").
[2] At the hearing on her motion to withdraw the plea, Ms. Stokes testified that in prison her medications now included Thorazine and Haldol.
[3] The motion to withdraw the plea states that Ms. Stokes "at the time of her plea had been prescribed heavy medication, was under the influence of medications, and possibly was not medicated properly." These medications included antidepressants, antianxiety medications, and antipsychotic medications.