963 So.2d 902 (2007)
Keith Robert PAGLIARO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-685.
District Court of Appeal of Florida, Fifth District.
August 24, 2007.
Keith R. Pagliaro, Sneads, pro se.
Bill McCollum, Attorney General Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Pagliaro appeals the summary denial of his Rule 3.850 motion for post-conviction relief.[1] We find his motion raised a facially sufficient claim that was not conclusively refuted by the record.
Pagliaro originally pled guilty to robbery, possession of heroin, and possession of cannabis. He was sentenced to 39 months incarceration, followed by five years of probation. In April 2005, Pagliaro was released on probation. He was arrested for violating his probation on December 5, 2005, for failure to pay costs of supervision. He was released on his own recognizance on December 19, 2005. Subsequently, he tested positive for cannabis in his urine sample. Pagliaro admitted to violating his probation at a hearing held in April, 2006. The trial court sentenced Pagliaro to nine years incarceration. His subsequent motion to withdraw plea was denied.
Pagliaro raised four claims in his Rule 3.850 motion. We affirm, without discussion, the summary denial of his first, third and fourth claims. In his second claim, Pagliaro alleged that trial counsel was ineffective in failing to investigate his mental health status. Pagliaro claimed he had a long history of mental illness. He had been diagnosed as bi-polar and had been involuntarily committed on, at least, two occasions. The most recent occasion was in November, 2005. In December, 2005, he alleged the trial court released him on his own recognizance so that he would be able to attend his social security disability hearing scheduled for December 22, 2005.
The Social Security Administration's hearing officer's report was attached to Pagliaro's Rule 3.850 motion. The hearing officer apparently found Pagliaro had the following impairments, which were considered to be "severe" under Social Security Regulations: "degenerative disc disease of the lumbar spine, cervical spondylosis, bi-polar disorder, personality disorder and substance abuse disorder, in remission." Pagliaro alleged that he was taking various psychotropic medications as well as pain-management medications for his herniated disc. Significantly, he asserted that as a *904 result of the combined effects of these medications, he was unable to understand the nature and consequences of his VOP plea hearing.
The trial court found this claim was conclusively refuted by Pagliaro's answers to two questions during his plea colloquy. The trial judge's questions and Pagliaro's answers were as follows:
Q. Are you presently under the influence of any alcohol or intoxicant that would negatively effect your good judgment here today?
A. No, Sir.
Q. Have you ever been found to be insane, incompetent, mentally challenged and not restored to your capacity.
A. No.
We find this exchange was insufficient to conclusively refute Pagliaro's claim that he did not understand the nature and consequences of the plea hearing because of the combined effects of his psychotropic medications and his pain medication. In the course of the plea colloquy, Pagliaro was never asked whether he was under the influence of any medications. In the substantially similar case of Randall v. State, 885 So.2d 932 (Fla. 5th DCA 2004), we held that an evidentiary hearing was required because the defendant's mental status, at the time of the plea hearing, was not conclusively refuted by the record. See also Rivera v. State, 746 So.2d 542 (Fla. 2d DCA 1999). Accordingly, Pagliaro is entitled to an evidentiary hearing on this claim.
AFFIRMED, in part; REVERSED, in part; REMANDED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] Fla. R.Crim. P. 3.850.