980 So.2d 625 (2008)
Won Jun BEMIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3826.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
Jonathan Friedman, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Won Jun Bemis appeals the trial court's summary denial of his motion to withdraw his plea after sentencing. We conclude that it was error to deny the motion without an evidentiary hearing, as the record does not conclusively refute one of his claims.
Bemis entered an open plea to a charge of aggravated battery and was sentenced as a youthful offender to two years in prison, followed by four years probation. Additionally, the court ordered that Bemis was not eligible for any boot camp or early release until he had served one year of his prison sentence.
Bemis timely filed a sworn motion to withdraw his plea under Florida Rule of Criminal Procedure 3.170(l). One of his allegations was that "[a]ll along trial counsel kept reassur[ing] the defendant that a short jail sentence might be forthcoming but that boot camp would be ordered immediately which would shorten the length of time incarcerated."
Where a motion to withdraw a plea occurs, pursuant to Florida Rule of Criminal Procedure 3.170(l), the appellant has the burden of proving that "a manifest injustice has occurred." Snodgrass v. *627 State, 837 So.2d 507, 508 (Fla. 4th DCA 2003). A defendant's entry of a plea based upon his attorney's mistaken advice about sentencing can be a basis for allowing a defendant to withdraw the plea. Id. Unless the record conclusively shows the defendant is not entitled to relief, due process requires a hearing.
Although the trial court conducted an extensive plea conference, the record does not show that it foreclosed one basis for withdrawing the plea under State v. Leroux, 689 So.2d 235 (Fla.1996). There, the defendant moved for post conviction relief, claiming that his counsel's erroneous advice as to the estimated time of his release constituted ineffective assistance of counsel. The trial court summarily denied the motion, noting that the transcript revealed that Leroux stated that he freely and voluntarily entered the plea and that no one had threatened or promised him anything. This court reversed and remanded for an evidentiary hearing. The supreme court approved this court's decision, explaining that there may be a difference between "a `promise' as commonly understood, and an attorney's expert advice to his client based upon the attorney's computation and estimate of the actual amount of time a defendant may serve on a sentence. Supplying such advice is not necessarily a promise of an outcome." Id. at 237. We have considered Ragoobar v. State, 893 So.2d 647 (Fla. 4th DCA 2005), but find it distinguishable, as Bemis claims he was assured by his attorney that he would be able to attend boot camp and significantly reduce his prison time.
Leroux requires that we reverse and remand for an evidentiary hearing on the issue identified in this opinion.
WARNER and GROSS, JJ., concur.
STONE, J., dissents with opinion.
STONE, J., dissenting.
In my judgment, Leroux does not require an evidentiary hearing where the record reflects advice that the defendant faced a minimum guideline sentence unless the court elected to deviate. Therefore, the record conclusively refuted the defendant's claim that he relied upon defense counsel's promise of a more lenient sentence. I would, therefore, affirm.