CIKLIN, J.
 

 Herbert Rappaport appeals the trial court’s summary denial of his motion to withdraw his plea of guilty before sentencing. We conclude that it was error to deny the motion without an evidentiary hearing, as the record does not conclusively refute two of his claims.
 

 Rappaport was charged by information with trafficking in hydrococone, two counts of trafficking in oxycodone, conspiracy to traffic in oxycodone, trafficking in oxyco-done, possession of a firearm by a convicted felon, and possession of morphine. After discussions with the State, Rappaport executed a substantial assistance agreement
 
 [1]
 
 and entered an open plea before the trial court. The trial court accepted the plea as freely and voluntarily given. Before sentencing, Rappaport filed various motions to withdraw his plea under Florida Rule of Criminal Procedure 3.170(f). Rappaport alleged that he should have been permitted to withdraw his plea because his attorney misinformed him as to
 
 *1213
 
 certain terms and outcomes resulting from the substantial assistance agreement. He further alleged that he was suffering from mental illness which contributed to his misunderstanding of the agreement. The trial court summarily denied Rappaport’s motion to withdraw.
 

 On appeal, Rappaport asserts that, at a minimum, he was entitled to an evidentiary hearing with respect to the allegations made in conjunction with his motion. The State contends that a hearing was unnecessary because the transcript of the plea colloquy, the substantial assistance agreement and the overall record conclusively refute Rappaport’s allegations.
 

 In a motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.170(f), “[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn.” Motions made before a sentence “must be liberally construed in favor of the defendant, as the law favors a trial on the merits.”
 
 Johnson v. State,
 
 971 So.2d 212, 216 (Fla. 4th DCA 2008). In considering a motion filed under rule 3.170(f), “a trial court is required to allow withdrawal of a plea if a defendant establishes good cause. Upon a lesser showing than good cause, the rule allows the court to use its discretion.”
 
 Taylor v. State,
 
 870 So.2d 72, 73 (Fla. 2d DCA 2003) (citation omitted);
 
 Smith v. State,
 
 840 So.2d 404, 406 (Fla. 4th DCA 2003) (“[I]n situations where less than good cause is shown, a trial court’s decision will not be reversed absent an abuse of discretion.”)
 

 “In order to show cause why the plea should be withdrawn, mere allegations are not enough; the defense must offer proof that the plea was not voluntarily and intelligently entered.”
 
 Robinson v. State,
 
 761 So.2d 269, 274 (Fla.1999). “A defendant should be permitted to withdraw a plea if she files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting her rights.”
 
 Smith,
 
 840 So.2d at 406 (emphasis omitted). “Unless the record conclusively shows the defendant is not entitled to relief, due process requires a hearing.”
 
 Bemis v. State,
 
 980 So.2d 625, 627 (Fla. 4th DCA 2008).
 

 The Alleged Promise To Return Confiscated Money
 

 To support Rappaport’s first basis for withdrawal of his plea, his attorney submitted to the court, at the hearing on the motion, an e-mail between an investigator hired by Rappaport’s first attorney and an officer at the Hollywood police department. In that e-mail, the investigator expressed to the police officer that “if the money is gone the guy [Rappaport] is not going to do substantial.” This suggests that Rappaport’s first attorney needed to recover Rappaport’s $100,325 taken for forfeiture in order to get Rappaport to enter into a substantial assistance agreement with the State. In turn, it can be interpreted that Rappaport’s first attorney had promised him that in exchange for entering into the substantial assistance agreement, he would get his money back.
 

 Grounds for the withdrawal of a plea, if evidenced at the plea hearing without correction, may subject a plea to withdrawal.
 
 Elias v. State,
 
 531 So.2d 418, 420 (Fla. 4th DCA 1988) (“Since the record supports the defendant’s contention that he misunderstood the length of his sentence, the trial court erred in denying his motion to withdraw his guilty plea.”);
 
 See also, State v. Leroux,
 
 689 So.2d 235, 238 (Fla.1996) (“It is only when the record ‘conclusively’ establishes that the defendant did not rely on the advice of counsel
 
 *1214
 
 that a summary adjudication will be proper”).
 

 While the plea colloquy included a discussion regarding Rappaport’s voluntary and uncoerced entry into the substantial assistance agreement and subsequent plea—and that no promises were made as to the outcome of his case—there was no inquiry as to whether Rappaport was promised anything further to induce him.
 

 “[A] trial court is always well-advised, when accepting a plea, to ascertain whether any promises were made to the defendant apart from those discussed during the plea colloquy. At this juncture it is incumbent upon the defendant to reveal any additional expectations he may have; generally, he will be estopped from later arguing a position contrary to statements made in open court or in writing.”
 
 Simmons v. State,
 
 611 So.2d 1250, 1253 (Fla. 2d DCA 1992). Because the record does not refute the claim that Rappaport was promised something for entering into the substantial assistance agreement (which included the entry of a plea), an evidentia-ry hearing was required.
 
 See Molina v. State,
 
 942 So.2d 1036, 1037 (Fla. 2d DCA 2006) (failure of trial court to “inquire as to the terms of the cooperation agreement nor as to Molina’s understanding of the terms” requires remand for an evidentiary hearing on the motion to withdraw plea);
 
 Timothee v. State,
 
 721 So.2d 776, 777 (Fla. 4th DCA 1998) (Defendant should have been allowed to withdraw his plea where “[t]he record contains no evidence contradicting Timothee’s asserted misunderstanding of the terms of his substantial assistance agreement.”).
 

 Alleged Mental Illness
 

 In support of Rappaport’s claim that he was suffering from mental illness at the time he entered into the substantial assistance agreement (and subsequent guilty plea), his lawyer submitted a 1990 medical record. That record revealed that Rappaport had been diagnosed as a paranoid schizophrenic and suffered from a paranoid personality disorder.
 

 Where a trial court is made aware of a person’s use of medication or history of mental illness at the time of a plea, an evidentiary hearing must be conducted.
 
 See Shield v. State,
 
 744 So.2d 564 (Fla. 1st DCA 1999) (evidentiary hearing required for motion to withdraw plea where defendant entered plea while he claims he was suffering from a mental illness and was incapable of advising the court of this condition at the plea colloquy);
 
 Harrison v. State,
 
 562 So.2d 827 (Fla. 2d DCA 1990) (without a plea colloquy or other evidence, defendant’s claim that he was under psychoactive medication at the time he entered his plea requires an evidentiary hearing).
 

 While questions asked and answered at a recorded meeting concerning the substantial assistance agreement refuted any claim of mental illness, similar questions were not asked of Rappaport as part of the plea colloquy.
 
 See Pagliaro v. State,
 
 963 So.2d 902 (Fla. 5th DCA 2007) (defendant’s claim in his 3.850 motion that he could not understand the nature and consequences of his plea due to the use of psychotropic medications was not refuted by the record as the court did not ask the defendant if he was under the influence of any medications);
 
 Stokes v. State,
 
 938 So.2d 644, 645 (Fla. 2d DCA 2006) (“Whether Ms. Stokes was on medication that affected her competency to enter the no contest plea was not addressed at the plea hearing. Thus, there was no record evidence to refute Ms. Stokes’ later claim that she was not competent to enter the plea because she was affected adversely by medication.”).
 

 
 *1215
 
 The allegations of (1) an inducing attorney promise and (2) an involuntary plea caused by mental illness — both supported by documentary evidence — presented good cause for withdrawal of Rappaport’s guilty plea. Because these allegations were not conclusively refuted by the record, Rappa-port was entitled to an evidentiary hearing.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 FARMER and HAZOURI, JJ., concur.
 

 [1]
 

 . A substantial assistance agreement with the State provides the defendant with the possibility of a sentence below the statutory minimum mandatory in exchange for substantial assistance "in the identification, arrest, or conviction of any ... person engaged in trafficking in controlled substances.” § 893.135(4), Fla. Stat. (2007).