GROSS, J.
This is an appeal of the circuit court’s denial of a motion to withdraw a plea after sentencing filed pursuant to Florida Rule of Criminal Procedure 3.170(1). The court held an evidentiary hearing on the motion and resolved credibility issues against appellant. Finding no abuse of discretion, we affirm.
Appellant was charged with two counts of vehicular homicide and one count of reckless driving causing serious bodily injury. Appellant entered an open plea of *497 no contest shortly before his twenty-first birthday to maintain the possibility of receiving a youthful offender sentence. See § 958.04(l)(b), Fla. Stat. (2010). During the plea colloquy before Judge John J. Hoy, appellant affirmed that he understood that his minimum guideline sentence was 19.6 years in prison. Judge Hoy did not expressly ask appellant whether his attorneys made any promises regarding his possible sentence.
Judge Hoy sentenced appellant to the minimum mandatory sentence of 236.04 months in prison, finding that a youthful offender sentence was “inappropriate” since appellant exhibited qualities of maturity and did not have a “diminishment of capacity” due to drug or alcohol use. After the sentence was entered, appellant moved to withdraw his plea, alleging that the plea was “involuntary, in that it was taken in reliance upon counsel’s advise as to the sentence [he] would receive.”
An evidentiary hearing on the motion to withdraw the plea was held before Judge Barry M. Cohen, at which point the court heard testimony from appellant, members of his family, and his former attorneys. Following the hearing, Judge Cohen entered a thoughtful, detailed written order denying appellant’s motion to withdraw his plea, finding by a preponderance of the evidence that the plea was entered freely and voluntarily. In making this ruling, Judge Cohen found “that the sworn testimony of both Assistant Public Defenders who discussed with [appellant] his open plea to the court along with the record of the plea colloquy outweigh[ed] the testimony of [appellant] and his family members.”
We review a trial court’s denial of a motion to withdraw a plea after sentencing for an abuse of discretion. Woodly v. State, 937 So.2d 193, 196 (Fla. 4th DCA 2006) (citing Boule v. State, 884 So.2d 1023, 1024 (Fla. 2d DCA 2004)). Under this standard, the trial court abuses its discretion when its decision is “arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir.1942)).
“Where a motion to withdraw a plea is filed after sentencing, the defendant has the burden of proving that a manifest injustice has occurred and that withdrawal is necessary to correct the manifest injustice.” Panchu v. State, 1 So.3d 1243, 1245 (Fla. 4th DCA 2009) (citing State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003); Woodly, 937 So.2d at 198). “This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice.” Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003) (emphasis added); Powell v. State, 929 So.2d 54, 55 (Fla. 5th DCA 2006). When challenging the voluntariness of a plea, “mere allegations are not enough; the defense must offer proof that the plea was not voluntarily and intelligently entered.” Robinson v. State, 761 So.2d 269, 274 (Fla.1999) (emphasis added).
In the case at hand, appellant failed to carry the burden of proving that he was misled by his attorneys’ alleged promises of receiving a reduced sentence. Judge Cohen weighed the testimony and resolved the credibility issues against appellant. The evidence produced at the evidentiary hearing supports the decision.
 Appellant also argues that he is entitled to withdraw his plea because Judge Hoy failed to ask at the plea colloquy whether his attorneys made any promises to him regarding his sentence. To accept a plea, the trial court must place *498 the defendant under oath and perform a plea colloquy to determine that the defendant entered into the plea voluntarily. See Fla. R.Crim. P. 3.172(c). This court has recognized that the “trial court is always well-advised, when accepting a plea, to ascertain whether any promises were made to the defendant apart from those discussed during the plea colloquy.” Rappoport v. State, 24 So.3d 1211, 1214 (Fla. 4th DCA 2009) (quoting Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992)). However, failure of a trial judge to specifically ask the defendant if his attorneys made any promises to him about sentencing does not by itself warrant withdrawal of a plea, nor is it even required; rather, the defendant must show prejudice. See Carmichael v. State, 631 So.2d 346, 347 (Fla. 2d DCA 1994) (“[W]e are not holding that such an inquiry is required[.]”); Otero v. State, 696 So.2d 442, 442 (Fla. 4th DCA 1997); see also Fla. R.Crim. P. 3.172(j) (“Failure to follow any of the procedures in [Rule 3.172] shall not render a plea void absent a showing of prejudice.” (emphasis added)).
Appellant relies on Neeb v. State, 643 So.2d 40 (Fla. 2d DCA 1994), and Rappoport v. State, 24 So.3d 1211 (Fla. 4th DCA 2009), for the proposition that the trial judge’s failure to ask appellant about his attorney’s sentencing promises required reversal. Both of these cases are inappo-site because the reversals were based on the failure of the trial court to hold an evidentiary hearing. In Neeb, the second district reversed a trial court’s order summarily denying the defendant’s motion for postconviction relief and remanded the case for an evidentiary hearing to ascertain whether there were “any promises to [the defendant] that his plea would result in a certain sentence.” 643 So.2d at 41-42. Likewise, in Rappoport, this court remanded for an evidentiary hearing “[because the record d[id] not refute the claim that [the defendant] was promised something for entering into [a] substantial assistance agreement.” 24 So.3d at 1214.
In this case, the trial court afforded appellant the opportunity to present evidence at an evidentiary hearing. As the State points out, the testimony of his attorneys and every document, including the emails produced at the hearing, the initialized rights form, and the affirmations during the plea colloquy, support Judge Cohen’s finding that appellant entered the plea voluntarily in the hope of receiving a youthful offender sentence. It is
within the trial judge’s province, when acting as trier of both fact and law, to determine the weight of the evidence, evaluate conflicting evidence, and determine the credibility of the witnesses, and such determinations may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence, or to constitute an abuse of discretion.
Jockey Club, Inc. v. Stern, 408 So.2d 854, 855 (Fla. 3d DCA 1982) (citations omitted). Affirmed.
MAY, C.J., and GERBER, J., concur.