708 So.2d 647 (1998)
Angel PRIETO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01995.
District Court of Appeal of Florida, Second District.
April 3, 1998.
*648 James Marion Moorman, Public Defender, Bartow, and Richard J. Sanders, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the court's denial of his Rule 3.850 petition. On September 26, 1990, appellant was convicted of burglary, and was sentenced to a twenty-year habitual offender sentence. This court affirmed appellant's conviction on December 17, 1993. On April 3, 1995, appellant filed a postconviction Rule 3.850 petition, which the trial court denied on May 10, 1996, finding that it had already ruled on, and found meritless, all but one of appellant's allegations. Five of the six grounds alleged ineffective assistance of counsel; the sixth ground alleged that the court failed to conduct an evidentiary hearing before violating appellant's probation. The court held an evidentiary hearing on one of the ineffective assistance of counsel grounds, appellant's ground three, but summarily denied the petition on the remaining five grounds.
The trial court further found that ground three, alleging ineffective assistance of counsel, was similarly without merit because defense counsel had not prohibited appellant from testifying, and appellant had made his own decision not to testify after being advised of his right not to do so. Following our review of the record, we conclude that the court did not err in denying appellant's Rule 3.850 petition on five of the six grounds, including ground three. However, we conclude that the court did err in summarily denying ground two of appellant's postconviction petition. We, accordingly, reverse and remand for an evidentiary hearing on that ground alone.
Appellant first raises in this appeal the trial court's denial of ground three of his petition, in which appellant alleged that he had wanted to testify in his own behalf at trial, but trial counsel had refused to allow him to do so. At the evidentiary hearing, appellant testified that counsel would not allow him to testify because appellant spoke Spanish and counsel did not think the jury would want to listen to translators, appellant had a prior record, and it would not be *649 convenient or in appellant's best interest to testify. Appellant's trial counsel testified that he did not recall there being an issue as to whether appellant would testify. While counsel did not recall appellant asking to testify, he unequivocally denied refusing to allow appellant to testify.
A claim of ineffectiveness of counsel requires proof of both deficient performance and prejudice to the defendant. See Oisorio v. State, 676 So.2d 1363 (Fla.1996). Based on the credibility of the witnesses, the trial court here concluded that appellant had failed to prove the first prong, deficient performance. Since the court, as the trier of fact, was entitled to weigh the credibility of the witnesses, and since the record contains sufficient competent evidence to support the court's determination, we affirm the court's denial of appellant's petition on this ground.
The court ruled on appellant's grounds one, two, four, five and six in a separate order, also dated May 10, 1996. In ground one, appellant raised counsel's failure to call alibi witnesses. The court summarily denied this ground because appellant failed to properly allege ineffectiveness of counsel. In his petition, while appellant did allege that alibi witnesses existed, he did not allege that he had provided the names of those purported alibi witnesses to defense counsel. Since counsel could not be found ineffective for not calling alibi witnesses he knew nothing about, the court was correct to deny relief on this basis. See Rose v. State, 617 So.2d 291 (Fla. 1993); Prieto v. State, 573 So.2d 398 (Fla. 2d DCA 1991).
In ground four, appellant alleged that counsel had failed to object to the exclusion of Hispanic jurors. The court summarily denied relief on this ground because it correctly found that appellant did not allege how his trial would have been different, and so failed to allege any prejudice. See Rose. We find no error here.
Appellant alleged in ground five that his counsel was absent during jury reinstruction. The court found this claim to be procedurally barred because appellant did not object at trial to the instructions regarding reasonable doubt and jury speculation. First, the trial court was correct that the claim was waived. See Fla. R.Crim. P. 3.410. However, more importantly, there was no prejudice to appellant since the instructions given were the standard boilerplate instructions that are routinely given in criminal trials. We find no error here.
Appellant alleged in ground six that his counsel failed to object to the court's failure to hold a violation of probation hearing. The court summarily denied relief on this ground because appellant had pleaded guilty to the violation of probation, thus foreclosing the need for a violation of probation hearing. Under these circumstances, counsel could not be deemed ineffective. The court did not err in denying appellant's petition on this ground.
In ground two, appellant alleged that counsel had failed to investigate a look-alike suspect. The court summarily denied relief on this ground for the stated reason that appellant failed to inform counsel of the lookalike suspect and failed to allege that the result of the proceeding would have been different had counsel investigated. However, appellant's postconviction petition unequivocally refutes those conclusions. Appellant's petition stated:
My lawyer failed to investigate the fact, that the actual culprit of the burglary with Carmelo Figuero was Jose Calderon, he was the one that committed the crime with Carmelo, and I told my lawyer to investigate this in light of the fact, that Jose Calderon and myself, are almost identical in physical likeness, and we had been mistaken many times just within the neighborhood itself. Had my lawyer investigated these facts, and presented this information to the jury, I would have been found not guilty of the crime.
Since neither the record attachments nor the evidentiary hearing provide any additional support for the court's conclusions, we reverse and remand for an evidentiary hearing on this ground alone.
We affirm the denial of appellant's 3.850 petition on all but appellant's ground two, as *650 to which we reverse and remand for an evidentiary hearing.
BLUE and QUINCE, JJ., concur.