789 So.2d 1160 (2001)
Darryl M. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2760.
District Court of Appeal of Florida, Fifth District.
July 6, 2001.
*1161 Darryl M. Young, Daytona Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Darryl M. Young appeals the summary denial of his motion for post conviction relief. We affirm in part, and reverse in part.
Young pleaded no contest to one count of DUI Manslaughter, one count of leaving the scene of an accident with death, and two counts of DUI with serious bodily injury. In his motion, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure, he alleged that his plea was involuntary because he was taking anti-depressants and psychotropic medication which altered his ability to understand the charges against him and to comprehend the consequences of his plea. In denying the motion, the court relied on a doctor's report which stated that Young had been found incompetent previously, but that Young was competent after treatment and medication. This report, however, was based on an interview between the doctor and Young that was conducted four months before Young entered his plea.
An involuntary plea is a recognized ground for post-conviction relief, but the defendant has the burden of showing that the plea was not voluntary or knowing. See Mikenas v. State, 460 So.2d 359 (Fla.1984); Spacco v. State, 739 So.2d 1269 (Fla. 5th DCA 1999); Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993). Young's motion states a facially sufficient claim for relief. See Rivera v. State, 746 So.2d 542 (Fla. 2d DCA 1999). Relief may be summarily denied where the record conclusively refutes the claim. See State v. Leroux, 689 So.2d 235 (Fla.1996).
In the instant case, because the report was made four months before Young entered his plea, the record does not conclusively refute Young's allegation that his plea was unknowing. Further, there is no transcript of the plea hearing attached to the order denying relief, so it is impossible to determine whether the court questioned the defendant regarding his medications and his ability to understand, nor is it possible to determine whether defendant responded appropriately when questioned during the plea colloquy. Compare J.R.V. v. State, 715 So.2d 1135 (Fla. 5th DCA 1998)(where defendant's diminished capacity and basic lack *1162 of understanding of charges or consequences of plea were readily apparent during colloquy, trial court committed fundamental error in failing to inquire further) with Onnestad v. State, 404 So.2d 403 (Fla. 5th DCA 1981)(during colloquy court made extensive inquiry into whether defendant's plea was knowing after defendant admitted he was on drugs, so defendant's later claim plea was involuntary was refuted). In this case, absent a transcript of the plea hearing, Young's claim that his plea was unknowing has not been conclusively refuted by the record. Thus, as to this claim, we reverse and remand for further proceedings.
Young's second claim, that counsel was ineffective for not investigating unnamed medical witnesses, is legally insufficient. A claim of ineffective assistance only warrants an evidentiary hearing when the defendant alleges specific facts, not refuted by the record, which demonstrate a deficiency in performance which prejudiced the defendant. See Teffeteller v. Dugger, 734 So.2d 1009 (Fla.1999). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Asay v. State, 769 So.2d 974 (Fla.2000). Here, Young failed to allege that he told counsel that he had taken cocaine in the ambulance or that he had advised counsel that there were witnesses who could testify to that fact. See Prieto v. State, 708 So.2d 647 (Fla. 2d DCA 1998) (claim insufficient where defendant failed to alleged he had provided witnesses' names to counsel).
In addition, Young has failed to allege or show prejudice. Even if he did swallow cocaine after the accident, the outcome of the proceeding would not change because he admitted to the examining doctor that he was drunk at the time of the accident, and because alcohol, marijuana and cocaine were shown in the blood toxicology report. Furthermore, this court has held that where a defendant claims ineffective assistance in connection with a plea of no contest or guilty, the defendant must allege that he had a viable defense, which Young has not done. See Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991); but see Cousino v. State, 770 So.2d 1258 (Fla. 4th DCA 2000)(allegation defendant would not have entered plea but for counsel's omission sufficient to show prejudice and allegation that there was a viable defense is not required); Mason v. State, 742 So.2d 370 (Fla. 1st DCA 1999)(same).
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and SAWAYA, JJ., concur.