802 So.2d 518 (2001)
Eric Lamar DOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2840.
District Court of Appeal of Florida, Fifth District.
December 28, 2001.
*519 Eric Lamar Doward, Monticello, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, Alfred Washington, Jr. and David H. Foxman, Assistant Attorneys General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Eric Lamar Doward appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Doward entered a plea of nolo contendere to second degree murder and was sentenced to twenty years in prison followed by ten years probation. In his 3.850 motion, Doward claims that at the time he entered his plea, he was delusional, hearing voices and taking psychotropic medicine for his mental illness. He alleges that because of his mental illness, he did not freely and voluntarily enter his plea because he was unable to understand the consequences of his actions. In summarily denying Doward's motion, the trial court relied on a psychiatrist's report prepared about three months prior to the entry of the plea that concluded Doward was sane at the time of the offense and was competent to proceed, even though he suffered from schizophrenia and alcohol dependency. The trial court attached a copy of the psychiatrist's report to its order of summary denial.
Although an involuntary plea is a recognized ground for postconviction relief, the defendant has the burden of showing that the plea was not intelligently or voluntarily entered. Young v. State, 789 So.2d 1160 (Fla. 5th DCA 2001). Doward's motion states a facially sufficient claim for relief. See Rivera v. State, 746 So.2d 542 (Fla. 2d DCA 1999). Accordingly, relief may be summarily denied only where the record conclusively refutes the claim. Young, 789 So.2d at 1161.
In this case, the psychiatrist's report relied on by the trial court to deny relief was prepared three months prior to the plea hearing. Consequently, it does not address Doward's mental status at the time he entered his plea. Additionally, because there is no transcript of the plea hearing attached to the order denying relief, we cannot determine whether the court questioned Doward about his medications and his ability to understand the consequences of entering a plea, nor can we determine whether Doward responded *520 appropriately when questioned during the plea dialogue. See Onnestad v. State, 404 So.2d 403 (Fla. 5th DCA 1981). Absent a transcript of the plea hearing, Doward's claim that his plea was involuntarily entered is not conclusively refuted by the record. Accordingly, we reverse the order denying postconviction relief and remand the matter to the trial court to either attach a copy of the plea hearing transcript if it conclusively refutes Doward's allegations, or hold an evidentiary hearing on his motion.
REVERSED AND REMANDED.
THOMPSON, C.J. and PETERSON, J. concur.