PLEUS, J.
Lloyd McElrath appeals the trial court’s order summarily denying his Rule 3.800(a) motion. We affirm in part and reverse in part.
The trial court determined that McEl-rath’s motion was “successive and procedurally barred.” The court also ruled that McElrath should be prohibited from filing further pro se motions seeking collateral relief in the instant case, noting that such future filings could result in contempt of court and subject him to punishment including forfeiture of gain time.
On the merits, we agree that McElrath is not entitled to relief as his instant motion is indeed “successive and procedurally barred .” However, we conclude that the court erred in prohibiting him from filing any further pro se collateral motions as there is no indication that the court first provided him notice and an opportunity to respond before ordering such prohibition. See State v. Spencer, 751 So.2d 47 (Fla. 1999). Nothing on the face of the order reflects compliance with Spencer.
Accordingly, we affirm on the merits but reverse and remand to ensure the trial court’s compliance with Spencer on the issue of prohibiting future pro se post-conviction motions from McElrath. If the court has, in fact, already provided McEl-rath prior notice and an opportunity to be heard before prohibiting him from filing future pro se post-conviction motions, it can so state in a corrected order. If, however, the court has not provided the requisite hearing, it must do so according to Spencer.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
PETERSON and SAWAYA, JJ., concur.