*1225
 
 WALLACE, Judge.
 

 Antonio M. Kirkland challenges the final order that denied his motion for postcon-viction relief under Florida Rule of Criminal Procedure 3.850. In his postconviction motion, Mr. Kirkland asserted eleven claims of ineffective assistance of counsel. The postconviction court summarily denied all of the claims. We affirm without comment the postconviction court’s denial of Mr. Kirkland’s motion as to claims B, C, E, F, H, I, J, and K. However, because claims A, D, and G present facially sufficient claims that are not conclusively refuted by the record, we reverse the order as it relates to those claims.
 

 THE RELEVANT PROCEDURAL HISTORY
 

 In the trial court, Mr. Kirkland was charged with robbery, possession of a firearm by a convicted felon, and attempted murder in the second degree. The charge of possession of a firearm by a convicted felon was severed, and Mr. Kirkland went to trial on the robbery and attempted murder charges. This trial ended in a mistrial after the jury was unable to reach a unanimous verdict. In a second trial, the jury found Mr. Kirkland guilty of robbery and attempted murder. The trial court adjudged Mr. Kirkland to be guilty of both offenses and sentenced him as a prison releasee reoffender to life in prison. The State nolle prossed the charge of possession of a firearm by a convicted felon. On direct appeal, this court affirmed Mr. Kirkland’s judgments and sentences.
 
 See Kirkland, v. State,
 
 922 So.2d 205 (Fla. 2d DCA 2006) (table decision).
 

 Mr. Kirkland timely filed a motion for postconviction relief raising eleven claims of ineffective assistance of counsel. The postconviction court summarily denied all eleven claims. The postconviction court also denied Mr. Kirkland’s motion for rehearing. This appeal followed.
 

 CLAIM A — FAILURE TO MOVE TO DISQUALIFY JUDGE BECAUSE OF BIAS
 

 In claim A of his motion, Mr. Kirkland asserted that his trial counsel was ineffective for failing to move to disqualify the trial judge because of bias. Mr. Kirkland alleged that the trial judge had said that he would receive a life sentence. Mr. Kirkland claimed that the trial judge’s alleged statement created a well-founded
 
 *1226
 
 fear and belief that Mr. Kirkwood would not be afforded a fair and impartial trial. The postconviction court summarily denied this claim on the theory that a motion to disqualify based on these allegations would have been denied as legally insufficient.
 

 In the postconviction context, a trial judge’s comments reflecting that he or she has predetermined the sentence to be imposed on a defendant before hearing the evidence are insufficient to support a claim for relief relative to the jury’s verdict and the resulting conviction.
 
 See Thompson v. State,
 
 990 So.2d 482, 491 (Fla.2008). However, “it is absolutely essential that a judge be and remain impartial prior to the commencement of sentencing proceedings when the positions of the respective parties will be presented and considered by the court.”
 
 Id.
 
 Thus the question of the legal sufficiency of a judge’s statements reflecting a predetermination of the defendant’s sentence to support the judge’s disqualification in the sentencing proceeding depends on whether the judge had any discretion in determining the defendant’s sentence.
 

 Based on the limited record before us, we cannot determine whether the trial court had any discretion in determining the defendant’s sentence. We know that Mr. Kirkland was convicted of “robbery” and “attempted murder in the second degree” and that he was sentenced as a prison releasee reoffender. But we are unaware of the statutory basis for the charges or whether Mr. Kirkland’s designation as a prison releasee reoffender was disputed. Thus we do not know whether the trial court was obligated to impose a life sentence on Mr. Kirkland after the jury returned its verdicts. Absent this information, we cannot say — as the postcon-viction court concluded — that a motion to disqualify based on Mr. Kirkland’s allegations would have been denied as legally insufficient. Thus the postconviction court erred in summarily denying claim A.
 

 CLAIM D — FAILURE TO FILE A TIMELY MOTION FOR A CONTINUANCE
 

 In claim D of his motion, Mr. Kirkland argues that his trial counsel was ineffective for failing to vigorously pursue a motion to continue the second trial and eventually withdrawing this motion, thus waiving the issue. Mr. Kirkland contended that a continuance was necessary to allow trial counsel sufficient time to receive and review the transcript of the first trial in order to prepare for the second trial. Mr. Kirkland alleged that on January 21, 2005, trial counsel filed a motion to continue, which was denied by the trial court. He also alleged that trial counsel renewed the motion for continuance on January 25, 2005, and subsequently withdrew the motion and waived the issue.
 

 The postconviction court found that the record conclusively refuted Mr. Kirkland’s claim because trial counsel had filed a motion to continue the trial but the motion had been denied. The portions of the record attached to the postconviction court’s order reflect that on January 25, 2005, trial counsel filed a motion to continue the second trial. However, the record does not conclusively refute Mr. Kirkland’s allegations because it does not indicate the disposition of the motion for continuance, i.e., whether it was denied by the trial court or withdrawn by trial counsel as Mr. Kirkland alleged. For this reason, the postconviction court erred in summarily denying claim D.
 

 CLAIM G — FAILURE TO OBJECT TO THE DEFENDANT’S ABSENCE FROM A PRETRIAL PROCEEDING
 

 In claim G of his motion, Mr. Kirkland contends that trial counsel was inef
 
 *1227
 
 fective for failing to make an appropriate objection during a hearing held on Friday, January 21, 2005, only four days before the second trial was scheduled to begin on Tuesday, January 25. Mr. Kirkland — who was incarcerated — was not present at the hearing and he did not waive his presence. At the hearing, Mr. Kirkland’s trial counsel, the prosecutor, and the trial judge discussed various matters concerning the scheduled trial, including the possibility that trial counsel might require a continuance to review the transcript of the first trial, which was then unavailable. Trial counsel accepted a proposal by the court reporter to e-mail him “portions of the transcript as she does it” and to provide “a courtesy copy of all the transcripts ... on Monday morning.” In conjunction with his acceptance of this proposal, trial counsel appeared to agree that a continuance of the case would not be necessary. Nevertheless, trial counsel filed a motion for continuance on the day the trial was scheduled to begin. In his motion, trial counsel stated — in pertinent part — that he had not received all of the transcripts of the first trial “until approximately 3:40 am [sic] Monday!,] January 24, 200[5].”
 

 Mr. Kirkland claimed that his absence from the hearing prejudiced him because he could not object to trial counsel’s waiver of his request to continue the trial and counsel was subsequently unable to prepare properly for the second trial. The postconviction court offered the following explanation for denying Mr. Kirkland’s claim: “After a review of the record, this Court is unable to find that [Mr. Kirkland] was in fact prejudiced by his absence.”
 

 When determining whether a defendant was harmed by his or her absence from a pretrial hearing, a court must look at “ “whether fundamental fairness has been thwarted.’ ”
 
 See Pomeranz v. State,
 
 708 So.2d 465, 471 (Fla.1997) (quoting
 
 Garcia v. State,
 
 492 So.2d 360, 364 (Fla.1986)). The limited record before us corroborates Mr. Kirkland’s claim that counsel did not pursue his request for a continuance and instead agreed to accept portions of the transcript of the first trial by e-mail on a Friday and over the weekend as they became available from the court reporter.
 
 [1]
 
 However, the record before us is insufficient to determine whether Mr. Kirkland sustained any prejudice from his absence at the January 21 hearing. In addition, we cannot determine whether any potential prejudice to Mr. Kirkland resulting from his absence at that hearing was cured at a subsequent hearing as in
 
 MacPhee v. State,
 
 471 So.2d 670, 671 (Fla. 2d DCA 1985). For these reasons, the trial court erred in summarily denying claim G.
 
 See Doward v. State,
 
 802 So.2d 518, 519 (Fla. 5th DCA 2001) (“[R]elief may be summarily denied only where the record conclusively refutes [a facially sufficient] claim.” (citing
 
 Young v. State,
 
 789 So.2d 1160, 1161 (Fla. 5th DCA 2001))).
 

 CONCLUSION
 

 Accordingly, we reverse the order to the extent that it summarily denies Mr. Kirkland’s claims A, D, and G and remand for the postconviction court to reconsider these claims. Unless the record conclusively refutes these claims, the postconviction court shall conduct an evidentiary hearing. If the postconviction court again summarily denies any of these three claims, it must attach portions of the record that conclusively refute the claim.
 
 See Chandler v. State,
 
 843 So.2d 1046, 1047
 
 *1228
 
 (Fla. 2d DCA 2003). In all other respects, we affirm the postconviction court’s order.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 SILBERMAN and KELLY, JJ., Concur.
 

 [1]
 

 . The motion for continuance that trial counsel filed on the day that the second trial was scheduled to begin reflects trial counsel's view that this approach to the problem proved to be inadequate to allow him to prepare for trial.