CASANUEVA, Chief Judge.
Oscar Reyna appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court characterized his claims of ineffectiveness of trial counsel as (1) failing to provide an interpreter at a private meeting where plea offers were discussed, (2) misleading him regarding the length of the sentence he would actually serve in prison if he were to have accepted the State’s offer of twenty years, and (3) failing to inform him of the maximum sentence he could receive. We affirm the summary denial of Mr. Reyna’s first and third claims without comment. However, because Mr. Reyna’s second claim is a facially sufficient, legally cognizable claim that is not conclusively refuted by the record, we reverse and remand for an evidentiary hearing.

Analysis

Mr. Reyna’s second claim stated:
[H]e was led to believe that the plea offer was mandatory because the trial counsel kept advising him as to the maximum time he could have received in prison if found guilty on all the charges, and not the minimum time he could have received if he had taken the State’s plea offer of (20) years with all available jail and prison time credits served.
He further explained that “had Defendant been correctly informed by trial counsel that he could have received all previous jail time credits and prison credits towards the (20) year plea deal, which would have made his sentence lesser, then he would have accepted the State’s offer.”
The postconviction court disposed of the claim as follows:
Defendant’s second argument is that counsel was ineffective for allegedly failing to inform the Defendant that he could receive all credit time served prior to sentencing with the State’s plea offer of 20 years and suggesting that the State’s 20 year offer was mandatory. This Court has carefully reviewed the transcript of the violation of probation hearing, which includes an extensive discussion between counsel and Defendant as to the State’s plea offer. This Court cannot read into that discussion any suggestion on the part of counsel that the 20 year offer was “mandatory.” Defendant does not suggest that counsel offered any affirmative misadvise [sic], as it relates to jail or prison credit; in other words, Defendant never alleges that counsel even told him that he would not receive jail or prison credit to which he would be legally entitled. The record conclusively demonstrates that counsel did inform Defendant of the State’s offer, that he was facing a greater sentence, and informed Defendant that his counter offer of ten years was rejected. Accordingly, Defendant’s second argument is without merit.
*1133 To file a successful claim of ineffective assistance of counsel, “a defendant must ... assert facts that support his or her claim that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s deficient performance.” Nelson v. State, 875 So.2d 579, 588 (Fla.2004). Where the trial court has summarily denied the claim, we are required to accept the defendant’s factual allegations to the extent that they are not refuted by the record. Rhodes v. State, 986 So.2d 501, 513 (Fla.2008). The ultimate merit of a defendant’s claim is not at issue on appeal.
The essence of Mr. Reyna’s second claim centers upon the State’s plea offer of a twenty-year prison term to resolve all his pending cases. Basically, he claimed that had counsel advised him that the twenty-year prison term being offered by the State would have been offset by the time he had already spent in jail — in his words, “a lesser sentence” — the offer would have been accepted, and he would not now be serving a prison term of fifty-five years.
“ ‘[F]or counsel to provide the reasonably effective assistance mandated by the Constitution, he need advise his client of ... the direct consequences of a guilty plea.’ ” Bolware v. State, 995 So.2d 268, 272 n. 3 (Fla.2008) (quoting State v. Ginebra, 511 So.2d 960, 960 (Fla.1987)). Whether counsel’s alleged conduct was deficient in this case turns on the definition of “direct consequence.” “[A] ‘direct consequence must affect the range of punishment in a definite, immediate, and largely automatic way.’ ” Id. at 273 (quoting State v. Partlow, 840 So.2d 1040, 1043 (Fla.2003) (emphasis omitted)). Credit for time served, or jail credit, is a direct consequence of a plea because it affects the range of punishment — in this case, the length of Mr. Reyna’s incarceration — in a definite manner, immediately and automatically upon imposition of a sentence.
Further, Mr. Reyna adequately alleged prejudice, asserting that he would have accepted the plea and not gone to trial but for counsel’s failure to explain the effects of jail credit. Cf. Lynch v. State, 2 So.3d 47, 57 (Fla.2008) (holding that following entry of a plea, a defendant who alleges counsel was ineffective “ ‘establishes Strickland’s, prejudice prong by demonstrating a reasonable probability that, but for counsel’s errors, the defendant would not have pleaded guilty and would have insisted on going to trial’ ” (quoting Grosvenor v. State, 874 So.2d 1176, 1181 (Fla.2004))).
A hearing on an ineffective assistance claim is warranted “where a defendant alleges specific facts, not conclusively rebutted by the record, which demonstrate a deficiency in the performance that prejudiced the defendant.” Ragsdale v. State, 720 So.2d 203, 207 (Fla.1998). The post-conviction court made several findings noting the absence of discussion regarding jail credit, but those do not refute Mr. Reyna’s claim as stated. In fact, nothing within the limited record before this court demonstrates that counsel, before the rejection of the State’s plea offer, informed Mr. Reyna that jail credit would offset the length of incarceration offered by the State. Without any record evidence to conclusively refute Mr. Reyna’s claim, the postconviction court should have granted Mr. Reyna an evidentiary hearing. See Kirkland v. State, 1 So.3d 1224, 1227 (Fla. 2d DCA 2009) (“ ‘[RJelief may be summarily denied only where the record conclusively refutes [a facially sufficient] claim.’ ” (quoting Doward v. State, 802 So.2d 518, 519 (Fla. 5th DCA 2001))).
Accordingly, we reverse the summary denial of Mr. Reyna’s second claim and remand for an evidentiary hearing.
*1134 Affirmed in part; reversed in part; remanded.
KHOUZAM, J., Concurs specially with opinion.
VILLANTI, J., Concurs in part and dissents in part with opinion.