VILLANTI, Judge.
 

 Amos Blair appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court summarily denied three of Blair’s claims and denied the fourth after an evidentiary hearing. We affirm the denial of claims one, two, and four without discussion. However, as to ground three, we reverse and remand for further proceedings.
 

 Blair was charged with one count of lewd molestation for events that occurred in January 2000. He was convicted after a jury trial and sentenced to ten years in prison followed by five years’ sex offender probation. His conviction and sentence were affirmed on direct appeal.
 
 See Blair v. State,
 
 873 So.2d 329 (Fla. 2d DCA 2004) (table decision). Mandate issued on May 19, 2004.
 

 On May 19, 2006, Blair filed his motion for postconviction relief, raising four grounds for relief.
 
 [1]
 
 In ground three of his
 
 *1256
 
 motion, Blair alleged that his trial counsel was ineffective for failing to investigate whether Frank Grover, Blair’s boss at the time of the alleged incident, pressured or threatened the victim and/or her family into testifying against Blair. Blair alleged, in essence, that Grover was out to get him because of an unrelated matter and had tampered with these witnesses to seek revenge against Blair but that his counsel had never investigated Grover’s alleged actions.
 

 The postconviction court summarily denied relief on this ground, finding that Blair’s allegations were facially insufficient because Blair did not allege that he made his counsel aware of Grover’s alleged actions at any time prior to trial. The post-conviction court attached no documents to its order that would purport to show that this claim was conclusively refuted by the record.
 

 We agree with the trial court that Blair’s allegations in support of this claim are facially insufficient. To state a facially sufficient claim for ineffective assistance of counsel, a defendant must allege both deficient performance of counsel and resulting prejudice.
 
 See Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 Oisorio v. State,
 
 676 So.2d 1863, 1365 (Fla.1996). When a defendant claims ineffective assistance of counsel based on counsel’s failure to investigate or call a specific witness, the defendant must allege that he or she advised counsel of the existence of such a witness.
 
 See Prieto v. State,
 
 708 So.2d 647, 649 (Fla. 2d DCA 1998) (holding that ineffective assistance claim predicated on counsel’s failure to call alibi witnesses was facially insufficient when the defendant did not allege that he had provided the names of the purported witnesses to counsel since “counsel could not be found ineffective for not calling alibi witnesses he knew nothing about”);
 
 Young v. State,
 
 789 So.2d 1160, 1162 (Fla. 5th DCA 2001) (finding ineffective assistance of counsel claim facially insufficient when the defendant did not allege that he had advised counsel of the witnesses who would allegedly support his defense). Here, Blair did not allege that he made counsel aware of Grover’s alleged actions. In the absence of such an allegation, this claim is facially insufficient.
 

 However, when a claim for postcon-viction relief is determined to be facially insufficient, a postconviction court abuses its discretion if it fails to give a defendant at least one opportunity to amend the claim.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007). Here, no such leave was given even though Blair’s time to file an amended motion under rule 3.850(f) to attempt correct the facial insufficiency had expired before the postconviction court rendered its ruling.
 
 Id.
 
 at 759 (noting that defendants wishing to file amended or successive motions to correct facial insuffi-ciencies are required tó do so within the two-year deadline of rule 3.850(b) absent leave of court). Thus, we reverse the denial of this single claim and remand for the postconviction court to strike this claim and give Blair leave to amend it, if he can do so in good faith, for a period not to exceed thirty days.
 
 See id.
 
 at 761-72.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 WHATLEY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . We note that this motion was timely filed pursuant to Florida Rule of Criminal Procedure 3.040, which provides: “In computing any period of time prescribed or allowed by these rules, ... the day of the act or event from which the designated period of time begins to run is not to be included.” Thus, the two-year period in which Blair could file his motion began on May 20, 2004, and ended on May 19, 2006.