PER CURIAM.
 

 Appellant challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The record does not conclusively refute the appellant’s claim that his plea was involuntary because he was under the influence of an anti-psychotic drug when he entered his plea.
 
 See Doward v. State,
 
 802 So.2d 518, 519-520 (Fla. 5th DCA 2001) (“... because there is no transcript of the plea hearing attached to the order denying relief, we cannot determine whether the court questioned [defendant] about his medications and his ability to understand the consequences of entering a plea, nor can we determine whether [defendant] responded appropriately when questioned during the plea dialogue”);
 
 Thomas v. State,
 
 707 So.2d 1189 (Fla. 1st DCA 1998) (holding that the court’s failure to attach portions of the record which it relied upon to deny a claim precludes this Court from conducting meaningful appellate review).
 

 Accordingly, we reverse the summary denial of the appellant’s motion and remand for the lower court to attach portions of the record that conclusively refute the appellant’s claim or to hold an eviden-tiary hearing. We affirm without further discussion the appellant’s remaining claims.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 HAWKES, C.J., BENTON, and LEWIS, JJ., concur.